**JOHN YOUNG CO., Inc. and Parker Brothers & Co., Inc., Appellants,**

v.

**KEYSTONE SHIPPING CO., Appellee.**

No. 22694.

United States Court of Appeals Fifth Circuit.

Oct. 25, 1966.

Harold R. DeMoss, Jr., Bracewell, Reynolds & Patterson, Houston, Tex., for John Young Co., Inc. and Parker Brothers & Co., Inc.

Robert Eikel, Eikel & Goller, Houston, Tex., for appellee Keystone Shipping Co.

Before WISDOM, BELL and AINSWORTH, Circuit Judges.

AINSWORTH, Circuit Judge.

This appeal is from an interlocutory decree in admiralty in which the trial court determined the issue of liability in a ship collision case.

Keystone Shipping Company, owner of the SS PERRYVILLE, filed its libel against John Young Company, Inc. and its Tug CORINNE, and Parker Brothers & Company, Inc. and its Barge PB–56, for damages growing out of the collision. Parker Brothers filed a cross libel against Keystone and the SS PERRYVILLE for recovery of damages sustained by its Barge PB–56.

The trial court made detailed findings of fact, holding that the collision occurred solely through the fault of the Tug CORINNE. The district judge found that on November 4, 1962, in the early morning hours, the SS PERRYVILLE, a tanker approximately 569 feet long and 80 feet wide, with a draft of more than 32 feet fully loaded with a cargo of petroleum products, was proceeding outbound in the Houston Ship Channel to sea at a point known as Baytown Bend. A Houston bar pilot was on the bridge. The CORINNE was inbound to Houston in the channel, pushing two barges owned by Parker Brothers with

an overall length of the flotilla of 363 feet and maximum draft of the tow of about 9 feet. Both vessels were proceeding in darkness, but the night was clear and visibility good with no adverse conditions of tide, current or wind. As the vessels approached, the tanker sounded a one-blast signal for a port-to-port passing and the tug answered with a one-blast signal signifying its assent. The PERRYVILLE was keeping slightly to her starboard side of the center line of the channel and continued to swing slightly to the right of the bend at a moderate speed sufficient to maintain good steerageway. The CORINNE, with tow, as it approached the PERRYVILLE, suddenly veered to the port side into the path of the PERRYVILLE, causing the head log of the Barge PB–56 to strike the stem of the PERRYVILLE. When the tug made her turn to port it was too late for the PERRYVILLE to avoid the collision which occurred near the center line of the channel. The tug could have safely navigated her tow to effect a port-to-port passing but failed to keep to its starboard side of the channel. The navigator of the CORINNE was inexperienced and the CORINNE did not have a chart of the channel available; however, the navigator was sufficiently familiar with the channel to have made a safe passing in compliance with the applicable rules of the road.

Appellant complains of these findings of fact as being inconsistent with the evidence and with the physical facts. Four eyewitnesses of Keystone testified at the trial, two in person and two by deposition; only the navigator, the CORINNE's junior mate, was an eyewitness on that vessel and testified in person.

Appellant assigns as error the court's findings that the PERRYVILLE's speed was about 7 knots and moderate and proper, and that the CORINNE with its tow suddenly veered to the port side into the path of the PERRYVILLE which was on its starboard side of the channel immediately prior to the collision.

The argument is made that the physical facts, as reflected by the photographs of the damage sustained by the vessels, strongly indicates that the trial judge's findings were clearly erroneous. Appellant contends that the photographs show that the PERRYVILLE sustained damage on its starboard plates whereas the principal damage to the CORINNE's tow was on the port bow of the Barge PB–56. Appellant thus argues that for this damage to have occurred the PERRYVILLE would have had to be on a course headed directly into the body of the barge, either from head on or from a few degrees off the port bow of the barge. The PERRYVILLE concedes that the impact was most likely head on but reasons that the damage sustained resulted from the CORINNE's tow cutting across its path and passing to the PERRYVILLE's starboard side. It argues that significantly the tug then beached her damaged barge on the west or opposite side of the channel after the collision. The tug had ample room to navigate to its starboard out of the channel had its navigator chosen to do so to avoid the accident. His tow drew only 9 feet of water, and the navigator was familiar with the water depth at this point. Instead he decided to turn to port into the path of the oncoming tanker.

The district judge had a choice either of accepting the PERRYVILLE's version of the accident as true or that of the CORINNE. He also could have held that the collision was due to the mutual fault of the operators of both vessels. The trial judge selected the permissible view that the evidence showed that the CORINNE was solely at fault in turning into the path of the tanker, and that the PERRYVILLE was not guilty of any causative fault. Since issues of fact alone are involved, we are unable to say that a mistake was committed by the court below or that the findings were clearly erroneous. See United States v. Yellow Cab Co., 338 U.S. 338, 70 S.Ct. 177, 94 L.Ed. 150 (1949); McAllister v. United States, 348 U.S. 19, 75 S.Ct. 6, 99 L.Ed. 20 (1954).

The judgment is, therefore, affirmed.